# Exhibit C

**Proposed Order for Avoidance Actions With
Total Amount in Controversy Greater Than $75,000**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| George L. Miller, the Chapter 7 trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>Defendants Listed on Exhibit "2",<br><br>Defendants. | **Re D.I.** _____<br><br><br><br>**Adv. No. See Exhibit "2"** |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS WITH TOTAL AMOUNT IN CONTROVERSY GREATER THAN $75,000.00 BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548, AND 550 OF THE BANKRUPTCY CODE**

Upon the *Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 547, 548, and 550 of the Bankruptcy Code,* (the "Motion")[2], filed by George L. Miller, the Chapter 7 trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al*. ("Plaintiff") for entry of an order (this "Order"), pursuant to

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms used but not defined herein are defined in the Motion.

section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7012, 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing streamlined procedures governing all adversary proceedings with total amount in controversy greater than $75,000.00 brought by Plaintiff under sections 502, 547, 548 and 550 of the Bankruptcy Code in connection with the above-captioned chapter 7 cases, which are identified in **Exhibit 1** annexed hereto (each an "Avoidance Action," and collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and it appearing that the relief requested in the Motion is necessary and in the best interests of the parties; and due notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and sufficient cause appearing therefor, it is hereby:

    **ORDERED**, that the Motion be, and hereby is, granted in all respects as set forth herein; and it is further

    **ORDERED**, that the procedures governing the Avoidance Actions are as follows:

**A. Effectiveness of the Procedures Order**

1. This Order approving the Motion shall apply to all Defendants in the Avoidance Actions listed on **Exhibit 1**. To the extent a party is subject to this Order as well as the order covering those adversary proceedings with an amount in controversy less than or equal to $75,000.00 in connection with another Avoidance Action, the parties shall meet and confer to decide whether the actions should proceed under one procedures order or the other. If an agreement cannot be reached, the parties may apply to the Court for a resolution.

2. This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such

      rights of Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B. <u>Extensions to Answer or File Other Responsive Pleading to the Complaint</u>**

3.    Notwithstanding the time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action as may be set forth in the summons issued and served for such Avoidance Action, the time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action is extended to and including ninety (90) days after the issuance of the summons. Without further order of the Court, the parties may stipulate to no more than three (3) additional extensions of time, with such stipulations to be filed on the respective adversary proceeding docket.

**C. <u>Waiver of Requirement to Conduct Initial Pretrial Conference</u>**

4.    The requirements of Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rule 7016-1 (i.e., pretrial conferences), are hereby waived and not applicable with respect to the Avoidance Actions. Neither the Plaintiff nor any Defendant shall be required to appear at an initial pretrial conference or any subsequently scheduled pretrial conferences. For the avoidance of doubt, the waiver of the requirements of Federal Rule of Civil Procedure 16 as set forth herein shall not apply to the requirements of Federal Rule of Civil Procedure 16(e) and 16(f).

**D. <u>Waiver of Requirement to Conduct Scheduling Conference</u>**

5.    The requirements of Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (i.e., mandatory meeting before scheduling conference/discovery plan), are hereby waived and not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**E. <u>Discovery, Mediation, and Dispositive Motion Schedule</u>**

6.    The disclosures required under Federal Rule of Civil Procedure 26(a)(1), as incorporated by Bankruptcy Rule 7026 (the "<u>Initial Disclosures</u>"), shall be made no later than thirty (30) days after the entry of this Order.

7.    Except as set forth herein, all written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the service of Initial Disclosures or in conjunction with the service of the Initial Disclosures. Such written discovery shall not be served in any Avoidance Action after forty-five (45) days from the entry of this Order. Local Rule 7026-2(b)(ii) is modified to allow the counsel for Plaintiff and each Defendant serving the discovery request or response to be the custodian of such discovery material.

8. The parties to the Avoidance Actions shall have through and including one hundred thirty-five (135) days from the entry of this Order to complete non-expert, written fact discovery, excluding depositions of fact witnesses.

9. The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions. Responses to interrogatories are due sixty (60) days after service.

10. The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including Federal Rule of Civil Procedure 34(b)(2)(E) regarding production of electronically stored information and Local Rule 7026-3, shall apply to the Avoidance Actions. Document production and responses to document requests are due sixty (60) days after service.

11. The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions. Responses to requests for admission are due sixty (60) days after service.

12. Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. Respondent's reply, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

13. Any open Avoidance Actions that have not been resolved and/or settled within one hundred thirty-five (135) days of the entry of this Order (the "<u>Remaining Avoidance Actions</u>"), shall be referred to mediation. By mutual agreement of the parties to any Avoidance Action, mediation may be conducted prior to one hundred thirty-five (135) days of the entry of this Order.

14. Between none hundred thirty-five (135) and one hundred fifty (150) days from the entry of this Order, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "<u>Mediator</u>," and collectively, the "<u>Mediators</u>") attached hereto as **Exhibit 2**. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of their choice of Mediator by contacting Plaintiff's counsel, Evan T. Miller and Paige N. Topper, in writing, via email at evan.miller@saul.com and paige.topper@saul.com. If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators on the Mediator List.

15. Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to conduct conflicts checks on the Defendant(s) and, in the event of

a conflict, may abstain from the particular mediation but also may seek a waiver of such conflict from the parties to such Avoidance Action. In the event that the initially selected Mediator abstains or a waiver is not agreed upon by all parties, then the parties shall select another Mediator in accordance with the process contained in paragraphs 13 and 14 of this Order; provided that, the Defendant shall have three (3) business days to select another Mediator following noticing that the initially selected Mediator abstains or a waiver is not agreed upon by all parties.

16. On or about one hundred fifty (150) days from the entry of this Order, Plaintiff, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the mediator. Mediation will then be scheduled on a first-come, first-served basis.

17. Promptly after selection of the Mediator in an Avoidance Action, Plaintiff shall file a notice with the Court identifying the Mediator selected for such Avoidance Action (the "Mediation Notice").

18. Within seven (7) calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

19. All mediations of the Remaining Avoidance Actions must be concluded within two hundred fifty-five (255) days from the entry of this Order; except that Plaintiff may seek an extension of such deadline for any Remaining Avoidance Action for cause shown based on the facts and circumstances relating to such Remaining Avoidance Action including, without limitation, to conclude a mediation commenced but unfinished as of two hundred fifty-five (255) days from the entry of this Order, or to schedule a Remaining Avoidance Action for a Mediation in the event that it could not be scheduled prior to two hundred fifty-five (255) days from the entry of this Order. With the applicable Defendant's consent, Plaintiff may request such an extension through a proposed order submitted under certification of counsel.

20. Should mediation fail to resolve a Remaining Avoidance Action, pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) concerning any issue on which a party bears the burden of proof (not including any report by Plaintiff on insolvency) and (b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, such report, if any, shall be made to the adverse party on or within sixty (60) days after the Mediator's Report is filed.

21. Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports a) of the parties' rebuttal

experts, and b) Plaintiff's report on the insolvency of the Debtors, if any, shall be made to the adverse party within ninety (90) days after the Mediator's Report is filed.

22. All fact and expert discovery, including fact and expert witness depositions, shall be concluded the later of (i) one hundred twenty (120) days after the Mediator's Report is filed or (ii) three hundred seventy-five (375) days from the entry of this Order.

23. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

24. All dispositive motions shall be filed and served within four hundred and five (405) days from the entry of this Order. The Local Rules governing dispositive motions in adversary proceedings, including Local Rules 7007-1 through 7007-4, shall apply.

**F. Mediation Procedures and Requirements**

25. Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation. Local Rule 9019-5 and the Court's mediation order, *Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings*, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

26. The Mediators shall be required to file disclosures prior to the scheduling of mediation. Local Rule 9019-2(e)(iii)(B) shall apply.

27. The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party and a representative of each party having full settlement authority shall attend the mediation in person, except (1) a Mediator, in his or her discretion, may allow a party representative to appear telephonically or by video, or (2) the parties may consent to a party representative appearing telephonically. Any such request to appear telephonically or by video must be made prior to ten (10) business days before the scheduled mediation date, or Defendant is deemed to waive such request. To the extent a Mediator grants a party's request to appear telephonically or by video, the requesting party is responsible for arranging for and paying any fees associated with teleconference or video services. Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically or by video rather than in person, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

28. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures that are reasonable and practical under the circumstances.

29. The Mediator may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

30. The parties must participate in the scheduling of mediation and mediate in good faith. If the mediator believes that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the mediation. Sanctions may include, but are not limited to, attorney's fees and costs and Mediator's fees.

31. Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with this Order with respect to mediation, may result in a default judgment or dismissal being obtained against the party failing to comply with the mediation provisions. The Mediator shall promptly file a notice with the Court when any party fails to comply with the mediation provisions set forth in this Order.

32. The fees of the Mediator shall be paid by Plaintiff on a per case basis. The Mediator's fees shall be fixed as follows:

    a.  cases with a claim amount (as reflected in the complaint) of less than $250,000: $3,000.00 per case;

    b.  cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $4,000.00 per case; and

    c.  cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $6,000.00 per case.

33. In addition to the fixed fee, Plaintiff shall pay the Mediator a $250.00 administrative fee (the "<u>Administrative Fee</u>") upon acceptance of appointment. Plaintiff shall pay one-fourth of the Mediator's mediation fee at least seven (7) calendar days before the commencement of mediation (the "<u>Pre-Mediation Fee</u>"). If the parties settle prior to mediation, the mediator must be informed of the settlement prior to seven

(7) calendar days before the scheduled mediation, or the Pre-Mediation Fee is non-refundable.

34. Mediation that is continued for more than one (1) calendar day will be continued on an hourly fee basis at the rate of $500.00 per hour to be paid by Plaintiff.

35. Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time. The Mediator's fees will be based upon the combined total claim amount for all related Avoidance Actions.

36. Mediation statements are due seven (7) calendar days prior to the mediation to the Mediator. Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing party, except that any party that has confidential information may share the same solely with the Mediator. The Mediator will direct the parties as to further instructions regarding the mediation statements.

37. Without the prior consent of all parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then (a) the Mediator shall not personally participate in the representation of that Defendant, (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it, and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to this Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

38. The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under this Order. Any documents provided to the Mediator by the parties shall be destroyed thirty (30) days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-5(d) shall apply.

39. All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence. Local Rule 9019-5(d) shall apply.

### G. Avoidance Actions Omnibus Hearings

40. The initial pretrial conference scheduled for July 10, 2025, at 1:00 a.m. (ET) shall be deemed waived. Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to quarterly status conferences to be held on the omnibus hearing dates provided by the Court. All matters concerning any Avoidance Actions shall be heard only at status conferences before the Court (collectively, the "Avoidance Actions Omnibus Hearings"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any.

41. Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless (a) a motion pertaining to a Defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing, or (b) the Court has directed such Defendant to appear. To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, and it has not otherwise notified the Plaintiff through a notice of motion, Defendant or its counsel must notify Plaintiff's counsel of the same, in writing, five (5) days prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

42. Unless the Court orders otherwise, all motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Omnibus Hearing that is at least thirty (30) calendar days after such motion, pleading, request for relief or other materials are filed and served.

43. Plaintiff shall file a report one (1) week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

44. If, after all discovery has been completed in an Avoidance Action, mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to this Order, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

### H. Miscellaneous

45. The Local Rules and general orders issued by the Court shall apply, except that this Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

46. Bankruptcy Rule 9006(a)(1)(C) applies to all deadlines established by this Order. If any deadline set by this Order would fall on a Saturday, Sunday, or legal holiday, then the deadline runs on the next day that is not a Saturday, Sunday, or legal holiday.

47. The deadlines and/or provisions contained in this Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation shall be filed with the Court (though need not be approved by the Court); and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# **Exhibit 1**

**List of Avoidance Actions With
Total Amount in Controversy Greater Than $75,000**

| # | Defendant Name | Adversary Proceeding No. | Preference Amount (greater than or equal to 75k) | Filed By |
|---|---|---|---|---|
| 1 | Abbott Laboratories Inc. | 25-50334 | $529,620.00 | Ciardi, Ciardi & Astin |
| 2 | AEP Energy | 25-50228 | $242,979.06 | Saul Ewing LLP |
| 3 | Aflac Premium Holding | 25-50096 | $79,106.20 | Saul Ewing LLP |
| 4 | Agilent Technologies | 25-50098 | $168,548.59 | Saul Ewing LLP |
| 5 | Amber International | 25-50253 | $115,545.44 | Saul Ewing LLP |
| 6 | Andon Brush Company, Inc. | 25-50232 | $270,900.00 | Saul Ewing LLP |
| 7 | Apexus LLC | 25-50100 | $149,782.58 | Saul Ewing LLP |
| 8 | Aptar Pharma, a Division of APTAR Group, Inc. | 25-50244 | $448,875.00 | Saul Ewing LLP |
| 9 | Aramark Cleanroom Services LLC and Aramark Uniform Services (Midwest) LLC | 25-50326 | $508,274.44 | Saul Ewing LLP |
| 10 | Ashland Specialty Ingredients GP | 25-50102 | $130,015.40 | Saul Ewing LLP |
| 11 | AT&T | 25-50183 | $87,111.45 | Ciardi, Ciardi & Astin |
| 12 | Benchmark Products LLC | 25-50235 | $335,245.02 | Saul Ewing LLP |
| 13 | Berlin Packaging LLC | 25-50258 | $743,821.10 | Saul Ewing LLP |
| 14 | Blue Mountain Quality Resources | 25-50108 | $179,030.00 | Saul Ewing LLP |
| 15 | Catalent Micron Technologies Inc. and Catalent RTP | 25-50323 | $151,503.00 | Saul Ewing LLP |
| 16 | Cedar Brook 5 Corporate Center LP | 25-50236 | $305,844.21 | Saul Ewing LLP |
| 17 | Cencoria, Inc. f/k/a Amerisourcebergen Drug Corporatio | 25-50362 | $283,072.15 | Saul Ewing LLP |
| 18 | Chicago Infill Industrial Properties LP | 25-50116 | $99,843.99 | Saul Ewing LLP |
| 19 | Cintas Corporation a/k/a Cintas Garment 780, Cintas Corporation, and Cintas Corporation a/k/a Cintas Garment | 25-50327 | $104,981.06 | Saul Ewing LLP |
| 20 | Colbert Packaging Corporation | 25-50129 | $594,859.98 | Saul Ewing LLP |
| 21 | Comar LLC | 25-50246 | $197,228.89 | Saul Ewing LLP |
| 22 | Delta Dental of Illinois | 25-50130 | $221,569.34 | Saul Ewing LLP |
| 23 | Disc Graphics, Inc. d/b/a Oliver, Inc. | 25-50337 | $143,426.29 | Saul Ewing LLP |
| 24 | EMD Millipore | 25-50137 | $165,537.87 | Saul Ewing LLP |
| 25 | Empire Freight Logistics | 25-50248 | $938,580.91 | Saul Ewing LLP |
| 26 | Exela Pharma Sciences | 25-50145 | $125,008.00 | Saul Ewing LLP |
| 27 | Federal Compliance Solutions, LLC | 25-50250 | $1,239,296.28 | Saul Ewing LLP |
| 28 | Fisher Scientific Company, LLC | 25-50148 | $401,600.17 | Saul Ewing LLP |
| 29 | Flavine North America, Inc. | 25-50095 | $831,525.00 | Saul Ewing LLP |
| 30 | Freudenberg Medical, LLC | 25-50150 | $167,791.00 | Saul Ewing LLP |
| 31 | Frontier Technology, LLC | 25-50251 | $322,007.60 | Saul Ewing LLP |
| 32 | Gerresheimer Glass, Inc. | 25-50155 | $286,679.01 | Saul Ewing LLP |
| 33 | Golden State Medical Supply, Inc. | 25-50388 | $622,030.99 | Saul Ewing LLP |
| 34 | Henderson Constructors, Inc. | 25-50338 | $321,208.29 | Saul Ewing LLP |
| 35 | Holland Applied Technologies Inc. | 25-50135 | $116,484.54 | Saul Ewing LLP |
| 36 | International Molasses Corp. | 25-50256 | $258,735.75 | Saul Ewing LLP |
| 37 | Intralinks Inc. | 25-50151 | $203,720.81 | Saul Ewing LLP |
| 38 | Jackson Lewis PC | 25-50176 | $137,400.50 | Ciardi, Ciardi & Astin |
| 39 | Kerry Ingredients & Flavours | 25-50336 | $124,973.00 | Ciardi, Ciardi & Astin |
| 40 | LaSalle Network | 25-50156 | $93,601.93 | Saul Ewing LLP |
| 41 | Leadiant Biosciences, Inc. | 25-50160 | $953,406.50 | Saul Ewing LLP |
| 42 | M3 Advisory Partners LP | 25-50194 | $2,263,420.48 | Ciardi, Ciardi & Astin |
| 43 | Microage Technology Services, LLC | 25-50339 | $402,478.90 | Saul Ewing LLP |
| 44 | Mikart, LLC | 25-50101 | $653,330.37 | Saul Ewing LLP |
| 45 | Mini Graphics, Inc. | 25-50172 | $339,657.19 | Saul Ewing LLP |
| 46 | MJS Packaging | 25-50266 | $914,590.84 | Saul Ewing LLP |
| 47 | Model N, Inc. | 25-50103 | $478,900.00 | Saul Ewing LLP |
| 48 | Monarch Strategic HR Consulting and Coaching, LLC | 25-50324 | $185,213.75 | Saul Ewing LLP |
| 49 | Moody's Investor Service | 25-50173 | $81,000.00 | Saul Ewing LLP |
| 50 | MS Packaging & Supply Distribution Corp. | 25-50343 | $163,975.35 | Saul Ewing LLP |
| 51 | MSI Blue | 25-50174 | $89,416.91 | Saul Ewing LLP |
| 52 | Multi Packaging Solutions International Limited | 25-50239 | $308,564.71 | Saul Ewing LLP |
| 53 | Napp Technologies | 25-50104 | $80,400.00 | Saul Ewing LLP |
| 54 | Navisite LLC | 25-50106 | $130,600.00 | Saul Ewing LLP |
| 55 | Nipro Pharmapackaging Americas Corp. | 25-50106 | $178,034.42 | Saul Ewing LLP |
| 56 | NSF Health Sciences LLC | 25-50112 | $629,103.59 | Saul Ewing LLP |
| 57 | Package Development Company, Inc. | 25-50143 | $218,676.42 | Saul Ewing LLP |
| 58 | Pall Corporation | 25-50149 | $167,127.84 | Saul Ewing LLP |
| 59 | Patheon Pharma | 25-50152 | $211,617.54 | Saul Ewing LLP |
| 60 | Pharmaceuticals Returns Service | 25-50157 | $258,040.50 | Saul Ewing LLP |
| 61 | PharmaPorts LLC | 25-50345 | $169,650.00 | Saul Ewing LLP |
| 62 | Platinum Press, Inc. | 25-50115 | $481,564.95 | Saul Ewing LLP |
| 63 | PPD Development LP | 25-50164 | $184,963.90 | Saul Ewing LLP |
| 64 | Premier Healthcare Alliance | 25-50348 | $177,563.81 | Saul Ewing LLP |
| 65 | Pride Chemical Solutions of N.J., Inc. | 25-50268 | $328,895.94 | Saul Ewing LLP |
| 66 | Primera Analytical Solutions Corp. | 25-50167 | $90,019.00 | Saul Ewing LLP |
| 67 | Propharma Group LLC | 25-50169 | $160,052.25 | Saul Ewing LLP |

| | | | | |
|---|---|---|---|---|
| 68 | PSE&G and PSEG Long Island LLC | 25-50325 | $290,387.84 | Saul Ewing LLP |
| 69 | Qualanex, LLC | 25-50188 | $257,845.67 | Saul Ewing LLP |
| 70 | Randstad US, LLC | 25-50192 | $160,649.46 | Saul Ewing LLP |
| 71 | Reliance Standard Life Insurance d/b/a Reliance Matrix | 25-50190 | $260,829.29 | Saul Ewing LLP |
| 72 | S.G.D. SA d/b/a S.G.D. Pharma, Inc., and S.G.D North America, Inc. | 25-50328 | $342,429.34 | Saul Ewing LLP |
| 73 | SGS North America, Inc. | 25-50349 | $78,901.51 | Saul Ewing LLP |
| 74 | Siegfried USA, Inc. | 25-50204 | $527,100.00 | Saul Ewing LLP |
| 75 | SST Corporation | 25-50352 | $582,071.97 | Saul Ewing LLP |
| 76 | Standard & Poors Ratings Services LLC | 25-50203 | $83,000.00 | Saul Ewing LLP |
| 77 | Sterigenics U.S. LLC, Nelson Laboratories Boseman LLC, and Nelson Labs Fairfield, Inc. Sotera Health Companies | 25-50332 | $363,243.63 | Saul Ewing LLP |
| 78 | Steris Isomedix Services, Inc. and Steris Corp. | 25-50329 | $88,455.69 | Saul Ewing LLP |
| 79 | Stira Pharmaceuticals, LLC | 25-50207 | $200,000.00 | Saul Ewing LLP |
| 80 | Syneos Health Consulting | 25-50269 | $498,273.81 | Saul Ewing LLP |
| 81 | Tate & Lyle Solutions | 25-50335 | $97,971.16 | Ciardi, Ciardi & Astin |
| 82 | The Training Center Group LLC | 25-50213 | $78,390.00 | Saul Ewing LLP |
| 83 | Tucker Company Worldwide, Inc. | 25-50214 | $291,195.02 | Saul Ewing LLP |
| 84 | United Parcel Service | 25-50230 | $471,399.72 | Saul Ewing LLP |
| 85 | United States Pharmacopeial Convention, Inc. | 25-50212 | $257,089.34 | Saul Ewing LLP |
| 86 | UPS Supply Chain Solutions Inc. | 25-50233 | $284,146.78 | Saul Ewing LLP |
| 87 | Veeva Systems, Inc. | 25-50220 | $596,364.00 | Saul Ewing LLP |
| 88 | Veolia es Technical Solutions | 25-50222 | $601,598.83 | Saul Ewing LLP |
| 89 | Veronica Development Associates LLC | 25-50238 | $246,993.16 | Saul Ewing LLP |
| 90 | Vizient Supply LLC | 25-50240 | $605,852.31 | Saul Ewing LLP |
| 91 | VWR International | 25-50217 | $193,840.72 | Saul Ewing LLP |
| 92 | Walgreen Co. and Walgreens Boots Alliance, Inc. | 25-50387 | $519,661.79 | Saul Ewing LLP |
| 93 | West Pharma Services | 25-50241 | $744,960.79 | Saul Ewing LLP |
| 94 | Westrock | 25-50351 | $76,765.26 | Saul Ewing LLP |
| 95 | Willis Towers Watson US LLC | 25-50191 | $100,000.00 | Ciardi, Ciardi & Astin |
| 96 | Willkie Farr and Gallagher LLP | 25-50181 | $5,626,618.60 | Ciardi, Ciardi & Astin |
| 97 | WM Corporate Services, Inc. | 25-50189 | $130,063.41 | Ciardi, Ciardi & Astin |
| 98 | Woodstock Sterile Sol. | 25-50243 | $372,010.79 | Saul Ewing LLP |

# **<u>Exhibit 2</u>**

## **List of Mediators**

1. David Banker, Womble Bond Dickinson
2. Connor Bifferato, The Bifferato Firm
3. Leslie Berkoff, Moritt Hock & Hamroff LLP